**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4022**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ERIC BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00140-TDS-1)

Submitted:  August 20, 2020                    Decided:  August 27, 2020

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Craig M. Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Eric Brown appeals from the district court's judgment revoking his supervised release and imposing an 18-month prison term and a 25-year term of supervised release. Brown argues that the 18-month prison term is plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable, *see United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), evaluating the same general considerations "employ[ed] in our review of original sentences," *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (internal footnote omitted); *see* 18 U.S.C. § 3583(e). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (internal quotation marks and brackets omitted).

Only if we determine that a revocation sentence is unreasonable do we consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (internal quotation marks and brackets

2

omitted). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

Brown argues that the 18-month prison term is plainly unreasonable because the district court failed to directly address in its explanation information he offered in support of a prison term within the policy statement range under the U.S. Sentencing Guidelines Manual of 7 to 13 months' imprisonment, he received an above-policy-statement-range sentence for what he asserts were "technical" violations of the terms of supervised release,[*] and the court focused primarily on his conduct preceding that leading to the instant revocation in fashioning a sentence.

The record, however, belies Brown's assertion that the district court failed to comply with its procedural obligation to adequately explain its reasoning for imposing the 18-month term. The court explicitly stated it had considered Brown's request for a within-policy-statement-range sentence but rejected it in light of the nature and circumstances of Brown's violative conduct, his history and characteristics—including his substance use history and persistent substance use—Brown's breaches of trust while on release, and the needs for the sentence imposed to protect the public and to afford adequate deterrence, *see* 18 U.S.C. § 3553(a)(1), (2)(B)-(C); USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."). Although Brown suggests that a potentially unwarranted disparity was created

---

[*] Brown admitted he violated the terms of his supervised release by failing to attend mandatory substance abuse treatment meetings over the course of six weeks and testing positive for alcohol on three separate occasions.

with his sentence, he does not explain how or why this is so or identify any defendants with whom he is similarly situated. Further, contrary to Brown's assertion, the district court stated proper bases for the conclusion that an 18-month prison term was warranted in his case. Brown's 18-month revocation prison term is not unreasonable and, therefore, not plainly so. Accordingly, we affirm the revocation judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*